**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **UATP IP, LLC,** § <br> **a Texas limited liability company,** § <br> § <br> Plaintiff, § <br> vs. §    **CIVIL ACTION NO. _____** <br> § <br> **SKY ZONE, LLC, a Nevada limited** § <br> **liability company,** § <br> § <br> Defendants §    **JURY TRIAL DEMANDED** | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES, UATP IP, LLC ("Urban Air" or "Plaintiff"), by and through its attorneys, to make and file its Original Complaint against Defendant, SKY ZONE, LLC ("Sky Zone" or "Defendant"), and for cause of action would respectfully show the Court as follows:

### I.
### PARTIES

1. Plaintiff, Urban Air, is a limited liability company, organized under the laws of the State of Texas, having its principal place of business in Grapevine, Tarrant County, Texas.

2. Defendant, Sky Zone, is a limited liability company, organized under the laws of the State of Nevada, having its principal place of business at 1201 W. Fifth St., Suite T-340, Los Angeles, California 90017. Sky Zone may be served with process through its registered agent, CSC Services of Nevada, Inc., 2215-B Renaissance Drive, Las Vegas, Nevada 89119.

## II.
## JURISDICTION AND VENUE

3. This is an action for trademark infringement. The Court has jurisdiction over the subject matter in this case based upon federal question under 28 U.S.C. §1338(a).

4. Sky Zone franchises indoor trampoline parks and adventure parks in Texas, including locations in the Dallas-Fort Worth Metroplex and the Houston metropolitan area. Sky Zone owns U.S. Trademark Reg. Nos. 4,579,253 for "Sky Zone" and 4,549,384 for "Ultimate Dodgeball." Both of these marks are used by the Texas locations of Sky Zone. The Texas locations advertise on the web site www.skyzone.com, which web site is owned or licensed by Sky Zone. The Sky Zone Texas locations, especially those in the Dallas-Fort Worth Metroplex will use any future trademarks developed by Sky Zone, including the mark that is the subject of this complaint, "Urban Playground". Sky Zone derives revenue from the Texas locations. As a result of Sky Zone's contacts, jurisdiction over Sky Zone is proper in Texas. Venue is proper in this district and division under 28 USC §1391(b) (2).

## III.
## TRADEMARK INFRINGEMENT

5. Urban Air incorporates paragraphs 1 through 4 into this count of trademark infringement.

6. Since 2011, Urban Air and related companies have operated and franchised indoor trampoline and adventure parks that provide entertainment services. Each park has a variety of equipment for its customers to use and play on. Such equipment includes, without limitation, trampolines (both traditionally configured as well those with associated specialty amenities), climbing walls, and obstacle courses.

7. Urban Air owns U.S. Registration No. 4,807,427 for "Urban Air Trampoline Park" and U.S. Serial No. 87/207,115 for "Urban Air Adventure Park". In addition, Urban Air has common law trademark rights to "Urban" and "UA" for trampoline and adventure parks and the associated services and goods that go along with those parks. "Urban", "Urban Air Trampoline Park", "Urban Air Adventure Park" and "UA" are referred to herein as the "Urban Air Marks". Urban Air licenses the Urban Air Marks to authorized parks.

8. Parks licensing and bearing the Urban Air Marks are located throughout Texas, including the Dallas-Fort Worth Metroplex and the Houston metropolitan area.

9. Urban Air and Sky Zone are direct competitors in the business of trampoline and adventure parks. Sky Zone is not a licensee of any of the Urban Air Marks.

10. On August 8, 2015, Sky Zone filed application U.S. Serial No. 86/719,070 to federally register "Urban Playground" for trampoline parks, amusement centers and related services. Sky Zone filed the application as an intent-to-use application.

11. On September 7, 2017, Sky Zone filed an extension of time in the "Urban Playground" trademark application. In the extension of time, Sky Zone stated that it had a continued *bona fida* intention to use "Urban Playground". Sky Zone filed the extension of time to maintain the application and prevent the trademark application from being abandoned.

12. Sky Zone, by filing the trademark application for "Urban Playground" and filing the extension for the application, intends to use "Urban Playground" in the near future. Sky Zone, by seeking federal registration, intends to use "Urban Playground" as a trademark within this district and division in Texas and elsewhere.

13. By its actions in the "Urban Playground" trademark application, Sky Zone and its franchisees intend to use "Urban Playground" as a trademark. Such use will infringe one or more

of Plaintiff's Urban Air Marks. Such use will likely confuse customers in Texas, including those within the Dallas-Fort Worth Metroplex, and elsewhere.

14. Sky Zone is aware of Plaintiff's Urban Air Marks. Sky Zone's intent to use "Urban Playground" as a trademark is an intentional and willful attempt to infringe Plaintiff's Urban Air Marks.

15. Sky Zone will continue to take steps to use the "Urban Playground" mark and infringe unless enjoined by the Court pursuant to 15 U.S.C. §1116.

16. Once Sky Zone begins to use "Urban Playground", Urban Air will be damaged.

17. As a result of the exceptional and willful nature of Sky Zone's actions, Plaintiff has incurred reasonable attorney's fees and costs to which it is entitled to recover pursuant to 15 U.S.C. §1117.

18 Plaintiff requests a trial by jury in this case.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, UATP IP, LLC, respectfully prays that upon trial on the merits this Court render judgment in Plaintiff's favor and against the Defendant, as follows:

A. Defendant, Sky Zone, have judgment against it for Plaintiff's damages for trademark infringement, together with pre-judgment and post-judgment interest thereon as authorized by law, along with an award of reasonable attorney's fees incurred by Plaintiff for the filing and prosecution of its trademark infringement claim against the Defendant;

B. Defendant be preliminarily and permanently enjoined from infringing the Urban Air Marks;

C.    Defendant be ordered to expressly abandon its Application Serial No. 86/719,070 to register "Urban Playground;"

D.    Defendant be ordered to deliver up for impoundment all materials that bear the mark "Urban Playground;"

E.    Defendants be ordered to pay interest, costs and attorney's fees to Plaintiff; and

F.    For general and such further and other relief, at law or in equity, as to which Plaintiff may show itself to be entitled.

Date: October 13, 2017                                    Respectfully submitted,


/s/ Daniel L. Bates
Daniel L. Bates
State Bar No. 01899900
dbates@deckerjones.com

Geoffrey A. Mantooth
State Bar No. 12957530
gmantooth@deckerjones.com

**DECKER JONES P.C.**
801 Cherry Street, Suite 2000, Unit #46
Fort Worth, Texas 76102
Telephone: (817) 336-2400
Telecopier: (817) 336-2181

ATTORNEYS FOR PLAINTIFF